FILED
HARRISBURG, PA

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEXINGTON INSURANCE CO., | CIVIL DIVISION |
| Plaintiff, | No.: |
| vs. | Judge _____ |
| Q-E MANUFACTURING, CO., INC., INDUSTRIAL FABRICATIONS INC., ADELPHIA STEEL EQUIPMENT CO., JOHN R. BROMILEY CO., INC., FENNER DRIVES, MACHINED PRODUCTS COMPANY, M.S. WILLETT INC., TYCO ELECTRONICS, PRODUCT DESIGN & DEVELOPMENT and/or YORK TOOL AND DIE, FASTENAL, J. THOMAS LTD., AMMAC, INC., YORK CORRUGATING COMPANY, JOHNSON BROTHERS MACHINE CO., L&S TOOL & MACHINE CORP., NEW STANDARD CORP., SUN AUTOMATION GROUP, SOL-LER MANUFACTURING, BRI-MAR MANUFACTURING, TOBIAS ASSOCIATES, INC., DAVIES PRECISION MACHINING CO., JTB MACHINING, INC., B/A PRODUCTS, KEYSTON MACHINE, INC., ATI PERFORMANCE, PRECISION FORM, INC., LEMCO TOOL CORP., BRACALENTE MANUFACTURING CO., INC., THE FAIRLAWN TOOL & DIE, INC., MARYLAND PRECISION SPRING, INC., PENNSYLVANIA PRECISION CAST, QUICKIE MFG CO., WINGARD & CO., INC., GERMANTOWN TOOL & MACHINE, MACHINERY PRODUCTS CORP., MAXIMA TECHNOLOGIES, INC. and VELTER PRODUCTS, INC., | 4:CV 06-0437 |
| Defendants. | |

**COMPLAINT IN INTERPLEADER**

AND NOW, comes LEXINGTON INSURANCE COMPANY by and through its counsel Nicholas A. Pasciullo, Esquire and hereby files the within Action in Equitable Interpleader and petitions this Honorable Court to enter an Order directing the Interpleader of all defendants, the delivery of insurance proceeds into court, and relieving the plaintiff of its obligations of defense and indemnity in any pending or future filed matters arising out of the same operative facts, and in support thereof, avers the following:

I. **Parties**

1. Plaintiff is Lexington Insurance Company, a company duly organized and existing under the laws of Delaware with offices at 100 State Street, Boston, Massachusetts.

2. Defendants, herinafter individually "Claimant" and collectively "Claimants," are identified below, all of whom do substantial business in York County, Pennsylvania.

   a. Q-E Manufacturing Co., Inc. is a company duly organized and existing under the laws of Pennsylvania with offices at 809 Market Street, New Berlin, PA 17855.

   b. Industrial Fabrications, Inc., is a company duly organized and existing under the laws of Pennsylvania with offices at Box 3094 S. Reach Road, Williamsport, PA 17701.

   c. Adelphia Steel Equipment Co., is a company duly organized and existing under the laws of Pennsylvania with offices at 7372 State Road, Philadelphia, PA 19136.

   d. John R. Bromiley Co., Inc. is a company duly organized and existing under the laws of Pennsylvania with offices at 105 S. Bristol Road, Chalfont, PA 18914.

   e. Fenner Drives, Manheim Operations, is a company duly organized and existing under the laws of Pennsylvania with offices at 311 W. Stiegel Street, Manheim, PA 17545.

f.  Machined Products Company is a company duly organized and existing under the laws of Pennsylvania with offices at 82 Pitney Road, Lancaster, PA 17605.

g.  M.S. Willett Inc. is a company duly organized and existing under the laws of Maryland with offices at 220 Cockeysville Road, Cockeysville, MD 21030.

h.  Tyco Electronics is a company duly organized and existing under the laws of Pennsylvania with offices at 2800 Fulling Mill Road, Middletown, PA 17057.

i.  Product Design & Development/York Tool & Die is a company duly organized and existing under the laws of Pennsylvania with offices at 2603 Keyway Drive, York, PA 17402.

j.  Fastenal is a company duly organized and existing under the laws of Minnesota with offices at 2001 Theurer Boulevard, Winona, MN 55987.

k.  J. Thomas Ltd. is a company duly organized and existing under the laws of Pennsylvania with offices at 300 Richardson Drive, Lancaster, PA 17603.

l.  AMMAC, Inc. is a company duly organized and existing under the laws of Pennsylvania with offices at 6000 Susquehanna Plaza, York, PA 17406.

m.  York Corrugating Co. is a company duly organized and existing under the laws of Pennsylvania with offices at 120 South Adams Street, York, PA 17405.

n.  Johnson Brothers Machine Co. is a company duly organized and existing under the laws of Pennsylvania with offices at 231 Red Bridge Road, Kintnersville, PA 18930.

o.  L&S Tool & Machine Corp. is a company duly organized and existing under the laws of Pennsylvania with offices at 470 Yale Street, York, PA 17403.

p. New Standard Corp. is a company duly organized and existing under the laws of Pennsylvania with offices at 74 Commerce Way, York, PA 17406

q. Sun Automation Group is a company duly organized and existing under the laws of Maryland with offices at 66 Loveton Circle, Sparks, MD 21152

r. SOL-LER Manufacturing is a company duly organized and existing under the laws of Pennsylvania with offices at 1200A Matthew Street, Watsontown, PA 17777.

s. Bri-Mar Manufacturing is a company duly organized and existing under the laws of Pennsylvania with offices at 1080 S. Main Street, Chambersburg, PA 17201.

t. Tobias Associates, Inc. is a company duly organized and existing under the laws of Pennsylvania with offices at 50 Industrial Drive, Ivyland, PA 18974.

u. Davies Precision Machining Co. is a company duly organized and existing under the laws of Pennsylvania with offices at 2400 Colebrook Road, Lebanon, PA 17042.

v. JTB Machining, Inc. is a company duly organized and existing under the laws of West Virginia with offices at 7375 Hedgesville Road, Hedgesville, WV 25437.

w. B/A Products is a company duly organized and existing under the laws of Maryland with offices at 8925 McGraw Court, Colubia, MD 21045.

x. Keystone Machine, Inc. is a company duly organized and existing under the laws of Pennsylvania with offices at 115 Newark Street, Littlestown, PA 17340.

y. ATI Performance is a company duly organized and existing under the laws of Maryland with offices at 6747 Whitestone Road, Baltimore, MD 21207.

z. Precision Form, Inc. is a company duly organized and existing under the laws of Pennsylvania with offices at 148 W. Airport Road, Lititz, PA 17543

aa. Lemco Tool Corp. is a company duly organized and existing under the laws of Pennsylvania with offices at 1850 Metzger Avenue, Cogan Station, PA 17728.

bb. Bracalente Manufacturing Co., Inc. is a company duly organized and existing under the laws of Pennsylvania with offices at 20 West Creamery Road, Trumbauersville, PA 18970.

cc. The Fairlawn Tool & Die, Inc. is a company duly organized and existing under the laws of Maryland with offices at1900 Hanover Pike, Hampstead, MD 21074

dd. Maryland Precision Spring, Inc. is a company duly organized and existing under the laws of Maryland with offices at 3525 Woodland Avenue, Baltimore, MD 21215.

ee. Pennsylvania Precision Cast is a company duly organized and existing under the laws of Pennsylvania with offices at 521 N. 3rd Avenue, Lebanon, PA 17042.

ff. Quickie MFG Co. is a company duly organized and existing under the laws of New Jersey with offices at PO Box 156, Cinnaminson, NJ 08077.

gg. Wingard & Co., Inc. is a company duly organized and existing under the laws of Maryland with offices at 4205 Mento Drive, Baltimore, MD 21215.

hh. Germantown Tool & Machine is a company duly organized and existing under the laws of Pennsylvania with offices at 1690 Republic Road, Huntingdon Valley, PA 19006.

ii. Machinery Products Corp. is a company duly organized and existing under the laws of Missouri with offices at 1446 South Vandeventer Avenue, St. Louis, MO 63110.

jj. Maxima Technologies, Inc. is a company duly organized and existing under the laws of Pennsylvania with offices at 1811 Rohrerstown Road, Lancaster, PA 17520.

kk.  Velter Products, Inc. is a company duly organized and existing under the laws of Pennsylvania with offices at 3611 Brookfield Road, Harrisburg, PA 17109.

## II. Jurisdiction and Venue

3.  Jurisdiction is founded upon Title 28 U.S.C. §1332, Diversity of Citizenship. All Defendant Claimants are citizens of different states than the Plaintiff and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. Venue is proper in the Middle District as the transactions and occurrences on which this action is based occurred in York County, Pennsylvania.

## III. Nature of the Action

4.  This action arises out of multiple claims for insurance proceeds under the "Personal Property of Others" coverage of an insurance policy issued by Plaintiff to Electro-Platers of York, Inc., hereinafter "Electro-Platers," at policy number 137 42 49, hereinafter referred to as the "Policy." A true and correct copy of the Policy is attached hereto as Exhibit "A" and is incorporated herein by reference.

5.  The Personal Property of Others insurance coverage under the Policy, which has a sub-limit of $100,000.00, provides certain proceeds for the account of the owner of personal property that suffers direct physical loss or damage covered by the Policy and otherwise meets all of the policy terms. For qualified claims, proceeds are available only for amounts that are not covered by other insurance and are calculated on an Actual Cash Value basis. Pertinent Policy criteria include, but are not limited to the following:

>  1.c.  Personal Property of Others that is:
>  1)  In your care, custody or control; and
>  2)  Located in or on the building described in the Declarations or in the open (or in a vehicle) within one (100) feet of the described premises.

However, our payment for loss of or damage to personal property of others will only be for the account of the owner of the property.

6. On or about December 21, 2004, a fire occurred at property owned by Electro-Platers damaging building and certain personal property contained therein.

7. Claimants separately assert that each owned personal property that was in the care, custody or control of Electro-Platers and located in or within 100 feet of the fire-damaged building that was lost or damaged by the fire and have asserted an interest in Policy proceeds under Personal Property of Others provision.

8. While no individual Claimant's claim exceeds the Policy sublimit for Personal Property of Others of $100,000.00, the total of all Claimants' asserted claims exceeds the Policy sublimit of $100,000.00.

9. Plaintiff is unable to determine (a) which of the Claimants' respective claims is valid, (b) the actual cash value of each Claimants' claim, (c) the amount, if any, that is not covered by other insurance, including each Claimant's own property insurance policy, or (d) to whom policy proceeds should be paid without risking double or multiple liability or liability that exceeds the Policy sublimit of $100,000.00.

10. In order to qualify for insurance proceeds under the Policy's Personal Property of Others coverage, each claimant must prove each of the following to the satisfaction of this Court:

    a. that claimant owned personal property that was in the care, custody or control of Electro-Platers;

    b. that such personal property was located within Electro-Platers' fire-damaged building or in the open and located within 100 feet thereof or within a vehicle located within 100 feet thereof;

7

    c.    that claimant's personal property was damaged or destroyed by the fire;

    d.    the actual cash value of the damage to the personal property; and

    e.    the amount, it any, that is not covered by claimant's or another insurance policy;

11.    Upon determination of qualified claimants and qualified claims, Plaintiff respectfully requests that this Court determine what insurance proceeds, if any, are due to each qualified claimant.

WHEREFORE, Plaintiff respectfully requests that this Court adjudge:

1.    That each of the Claimants be restrained from instituting any action against Plaintiff for the recovery under the terms of the Policy or any part thereof;

2.    That the Claimants be required to interplead and prove their entitlement and the amount of proceeds due, if any, under the terms of the Policy and that Plaintiff be discharged from all liability except to the persons and in the amounts as the Court shall adjudge; and

3.    That Plaintiff recovers its costs, expenses and disbursements in conjunction with this Interpleader.

Respectfully submitted,

_/s/ Nicholas A. Pasciullo_____
Nicholas A. Pasciullo
PA ID# 36785
5435 Pocusset Street
Pittsburgh, PA 15217
412-551-4970

```
Wed Mar  1 10:24:44 2006

        UNITED STATES DISTRICT COURT

         SCRANTON      , PA

    Receipt No.   111 145150
    Cashier       jill

    Check Number: 4318

    DØ Code    Div No
    4667         1

    Sub Acct Type Tender      Amount
    1:510000  N      2        190.00
    2:086900  N      2         60.00

    Total Amount         $    250.00

        NICHOLAS PASCIULLO & NANCY HUBLEY 5
    435 POCUSSET ST. PITTSBURGH, PA 152

        FILING FEE FOR COMPLAINT IN CV-06-4
37
```

cn