UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEXINGTON INSURANCE CO.      :   CIVIL NO. **1:06-CV-0437**
                             :
                             :
          Plaintiff          :   (Magistrate Judge Smyser)
                             :
     v.                      :
                             :
Q-E MANUFACTURING, CO.,      :
INC., et al.,                :
                             :
                             :
          Defendants         :


**MEMORANDUM AND ORDER**


     This is an interpleader action.  The plaintiff is
Lexington Insurance Company, an insurance company
incorporated in Delaware with offices in Massachusetts.
The thirty-seven named defendants are companies that on
December 21, 2004 had personal property located in the
property of Electro-Platers of York, Inc. that was damaged
in a fire on that date.  The plaintiff had issued an
insurance policy to Electro-Platers.  The policy provided
*inter alia* coverage of $100,000 for losses of and damages
to the personal property of others.  The defendants do not
share the residency of the plaintiff and jurisdiction is
based on diversity of citizenship.  The interpleader
complaint is brought by plaintiff to give rise to a forum
for the plaintiff to equitably distribute the policy
coverage amount and the claimants under the policy to
interplead and prove their entitlement to proceeds under
the policy.  The plaintiff seeks a discharge of the

plaintiff from all liability except to the persons and in the amounts adjudged by the court.

The plaintiff has filed a motion for a partial summary judgment.  The plaintiff has stated the position that the early resolution of this motion will facilitate the progress of the process of its receipt and consideration of claims.  In this motion, the plaintiff insurance company asks the court to order that insurers who have asserted or who would in the future assert subrogation rights to a share of the $100,000 "personal property of others" policy are precluded from doing so unless the insurer has made whole the loss of its insured. The plaintiff bases its motion for summary judgment on the position that the "made whole" doctrine under Pennsylvania law precludes as a matter of law a "step in the shoes" subrogation claim by an insurer who has paid a part of but not all of the claimed loss of a claimant who was insured by that insurer and who lost property in the Electro-Platers fire.

"'Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law.'" *The Circle School v. Pappert*, 381 F.3d 172, 177 (3d Cir. 2004)(quoting *Pi Lambda Phi Fraternity, Inc. v. Univ. of Pittsburgh*, 229 F.3d 435, 441 n.3 (3d Cir. 2000)).

2

The plaintiff states in its motion that the total amount of uninsured claims is in excess of $135,000.  It asserts that since its policy issued to Electro-Platers that covers losses of property other persons whose property was destroyed in the Electro-Platers facility fire has a limit of $100,000 and since therefore none of the claimants will be made whole assuming a *pro rata* distribution of the $100,000 among the uninsured claims, it would be a correct application of the "made whole" doctrine to exclude subrogation claims (which it understands to be in the amount of about $160,000) in all instances where the subrogation insurer claimant has not made whole the loss of its insured.

The plaintiff cites *Watson v. Allstate Insurance Co.*, 28 F. Supp. 2d 942 (M.D. Pa. 1998), where the court applied the "made whole" doctrine in the context of auto liability and underinsured motorist policies.  The court in that case stated that the doctrine is that an insurer's subrogation right does not arise prior to full compensation of the insured.

Four defendants, J. Thomas, Ltd., Industrial Fabrications, Velter Products, Inc. and M.S. Willett oppose the plaintiff's motion for partial summary judgment.  They assert the absence of Pennsylvania case law authority for the application of the "made whole" doctrine in a context such as is presented in this case.

3

They assert that there is not a true consensus as to the
correct resolution of the issue as to priorities of claims
as between insureds and insurers in a case of this kind,
and they are critical of the plaintiff's proposal of a
doctrine that, these defendants believe, would give
priority to the claim of a property loss claimant who was
uninsured over the subrogation claim of an insurer which
had paid some but less than all of the loss of its insured
property loss claimant.

The "made whole" doctrine provides that the
subrogation right of an insurer is to be deemed secondary,
or lower in priority, to all other claims against a source
of compensation to the insured until the insured has been
fully compensated.

> "[T]he doctrine of subrogation is that one who
> has been compelled to pay a debt which ought to have
> been paid by another is entitled to exercise all the
> remedies which the creditor possessed against that
> other, and to indemnify from the fund out of which
> should have been made the payment which he made."

*Grand Council Royal Arcanum v. Cornelius*, 198 Pa. 46, 49
(Pa. Supreme Ct. 1901).  The doctrine "is a mode which
equity adopts to compel the ultimate discharge of the debt
by him who, in good conscience, ought to pay it, and
relieve him whom none but the creditor could as to pay[.]"
*Bender v. George*, 92 Pa. 36 (Pa. Supreme Ct. 1879).  An
insurer is under Pennsylvania law generally not entitled
to exercise a right to compensation until its insured has

4

been fully compensated for the insured's injuries. *Nationwide Mutual Insurance Company v. DiTomo,* 330 Pa. Super. 117, 478 A.2d 1381 (Pa. Superior Ct. 1984).

The defendants opposing the partial summary judgment motion cite as grounds for the assertion that there is not an absence of a dispute as to material factual issues that there is not an undisputed factual record to permit the prioritization at present of one defendant's claim over another's; *i.e.*, they consider the "made whole" doctrine to be a doctrine of priorities and consider prioritization to require a factual record. They note the absence of discovery to date. They note that the strengths and weaknesses of individual damages claims have not been explored. However, they do not show that the uncertainties as to the amounts of the claims and the validity of claim amounts affects the applicability of the "made whole" doctrine.

We agree with plaintiff that the "made whole" doctrine is applicable, and that all uninsured claims and the uninsured balance of the claims of partially indemnified claimants must be paid from the policy's $100,000 before any payments to the claimant's insurers are to be made. The summary judgment motion does not seek the dismissal of the action as to any party, and in the event that the payment of the uninsured claims (*i.e.,* the making whole of the claimants) does not exhaust this

5

policy limit, the adjudication of the subrogation claims may become appropriate.

The motion for partial summary judgment will be granted for the reason that there is not shown to be any material issue of fact in dispute in relationship to the issue of the applicability of the "made whole" doctrine, because the issue of the applicability of the "made whole" doctrine is an issue of law, and because we see no basis to conclude that the doctrine is not applicable here.

Accordingly, **IT IS ORDERED** that the plaintiff's motion for partial summary judgment is **GRANTED** and that:

1. Claimants shall have priority over insurers of claimants to recover their proven uninsured damages, and (unless the policy is adequate to pay all uninsured damages of all claimants) shall be paid a *pro rata* share of their proven uninsured damages on the basis of the plaintiff's apportionment of the $100,000 policy limit *pro rata* according to the total proven uninsured losses of all claimants and the *pro rata* percentage share of each claimant;

2. Claims by insurers of claimants shall be stayed pending the determination of the total amount of valid uninsured claims by claimants;

3. Only in the event each claimant is made whole from the Policy sub-limit of $100,000.00 for Personal Property of Others shall claimants' insurers be entitled to pursue "step-into-the-shoes" subrogation of amounts paid to their insureds from the Policy sub-limit of $100,000.00 for "personal property of others."

The Court will reserve decision on the application of the "other insurance" clause and all other issues.

> */s/ J. Andrew Smyser*
> J. Andrew Smyser
> Magistrate Judge

Dated:  July 28, 2006.

7