```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEXINGTON INSURANCE CO.       :   CIVIL NO. 1:06-CV-0437
                              :
                              :
             Plaintiff        :   (Magistrate Judge Smyser)
                              :
     v.                       :
                              :
Q-E MANUFACTURING, CO.,       :
INC., et al.,                 :
                              :
                              :
             Defendants       :
```

**MEMORANDUM AND ORDER**

This is an interpleader action. The plaintiff is Lexington Insurance Company, an insurance company incorporated in Delaware with offices in Massachusetts. The thirty-six[1] named defendants are companies that on December 21, 2004 had personal property located in the property of Electro-Platers of York, Inc. that was damaged in a fire on that date. The plaintiff had issued an insurance policy to Electro-Platers. The policy provided *inter alia* coverage of $100,000 for losses of and damages to the personal property of others. The defendants do not share the residency of the plaintiff and jurisdiction is asserted based on diversity of citizenship. We find that the court has jurisdiction under 28 U.S.C. § 1332(d)(1).

---

[1] We are informed by the plaintiff that Machined Products Company and Machinery Products Corporation are one and the same.

The interpleader complaint is brought by the plaintiff to give rise to a forum for the plaintiff to equitably distribute the policy coverage amount and for the claimants under the policy to interplead and prove their entitlement to proceeds under the policy.  The plaintiff seeks a discharge of the plaintiff from all liability except to the persons and in the amounts adjudged by the court.

The parties have consented to 28 U.S.C. § 636(c) jurisdiction of a magistrate judge.  (Docs. 21, 23).

By Order of July 28, 2006, the plaintiff's motion for partial summary judgment was granted.  The court found that there is not shown to be any material issue of fact in dispute in relationship to the issue of the applicability of the "made whole" doctrine, that the issue of the applicability of the "made whole" doctrine is an issue of law, and that the doctrine is applicable in this case.  On that basis it was ordered that claimants have priority over insurers of claimants to recover their proven uninsured damages; that the claimants would be paid a *pro rata* share of their proven uninsured damages on the basis of the plaintiff's apportionment of the $100,000 policy limit *pro rata* according to the total proven uninsured losses of all claimants and the *pro rata* percentage share of each claimant; that claims by insurers

of claimants would be stayed pending the determination of the total amount of valid uninsured claims by claimants; that only in the event that each claimant were to be made whole from the Policy sub-limit of $100,000.00 for Personal Property of Others would claimants' insurers be entitled to pursue "step-into-the-shoes" subrogation of amounts paid to their insureds from the Policy sub-limit of $100,000.00 for "personal property of others"; and that the court would reserve decision on the application of the "other insurance" clause and all other issues.

On August 31, 2006 the plaintiff filed a motion (Doc. 54) for the distribution of the policy's $100,000.00 coverage among twenty-three (23) claimants according to the following distribution:

| Claimant | Actual Cash Value Uninsured Amounts | Pro-rata Payment from Policy Sub-Limit: 67.075% |
|---|---:|---:|
| AMMAC, Inc. | $1,000.00 | $670.75 |
| ATI Performance Products | $14,871.12 | $9,974.80 |
| B/A Products Co. | $8,689.98 | $5,828.80 |
| Davies Precision Machine, Inc. | $1,540.00 | $1,033.00 |
| Fairlawn Tool & Die Co., Inc. | $1,000.00 | $670.75 |
| Fastenal Company | $22,007.85 | $14,761.80 |
| Fenner Drives | $33,380.00 | $22,389.65 |
| Germantown Tool & Machine Works, Inc. | $5,000.00 | $3,353.75 |

3

| | | |
|---|---:|---:|
| Industrial Fabrications, Inc. | $1,000.00 | $670.75 |
| J. Thomas, Ltd. | $1,000.00 | $670.75 |
| John R. Bromiley Company, Inc. | $2,500.00 | $1,676.90 |
| Johnson Bros. Machine Co. | $4,613.05 | $3,094.20 |
| JTB Machining | $250.00 | $167.70 |
| Keystone Machine, Inc. | $1,662.17 | $1,114.90 |
| M.S. Willett, Inc. | $5,000.00 | $3,353.75 |
| New Standard Corporation | $9,463.72 | $6,347.80 |
| Q-E Manufacturing Company | $1,365.00 | $915.60 |
| Quickie Manufacturing Corp. | $5,000.00 | $3,353.75 |
| Sun Automation Group | $2,945.25 | $1,975.55 |
| Tobias Associates, Inc. | $500.00 | $335.40 |
| TYCO Electronics Corporation | $23,470.89 | $15,743.10 |
| Velter Products, Inc. | $1,000.00 | $670.75 |
| Wingard + Company | $1,827.50 | $1,225.80 |
| Total Uninsured Claims | $149,086.53 | $100,000.00 |

A certification of consent (Doc. 55) was filed on September 5, 2006.

There is no portion of the interpleaded fund available for payment to insurers of claimants. There is no argument presented concerning the fact of payment to

4

any particular claimant or concerning the amount of any particular payment.

**IT IS ORDERED** upon consideration of the plaintiff's motion to distribute the $100,000.00 sub-limit for personal property of others contained in the insurance policy issued by plaintiff to Electro-Platers of York, Inc. at Policy Number 310 90 76 to claimants asserting claims for damages to personal property in the care, custody and control of Electro-Platers of York by fire at its manufacturing facility on or about December 21, 2004, that plaintiff's proposed distribution is approved and adopted and that the plaintiff shall distribute the Policy Sub-Limit for Personal Property of Others of $100,000.00 to the claimants as full and final satisfaction and payment of all sums due under the Policy within thirty days of this Order:

| Claimant | Pro-rata Payment from Policy Sub-Limit: 67.075% |
|---|---|
| AMMAC, Inc. | $670.75 |
| ATI Performance Products | $9,974.80 |
| B/A Products Co. | $5,828.80 |
| Davies Precision Machine, Inc. | $1,033.00 |
| Fairlawn Tool & Die Co., Inc. | $670.75 |
| Fastenal Company | $14,761.80 |
| Fenner Drives | $22,389.65 |
| Germantown Tool & Machine Works, Inc. | $3,353.75 |

5

| | |
|---|---:|
| Industrial Fabrications, Inc. | $670.75 |
| J. Thomas, Ltd. | $670.75 |
| John R. Bromiley Company, Inc. | $1,676.90 |
| Johnson Bros. Machine Co. | $3,094.20 |
| JTB Machining | $167.70 |
| Keystone Machine, Inc. | $1,114.90 |
| M.S. Willett, Inc. | $3,353.75 |
| New Standard Corporation | $6,347.80 |
| Q-E Manufacturing Company | $915.60 |
| Quickie Manufacturing Corp. | $3,353.75 |
| Sun Automation Group | $1,975.55 |
| Tobias Associates, Inc. | $335.40 |
| TYCO Electronics Corporation | $15,743.10 |
| Velter Products, Inc. | $670.75 |
| Wingard + Company | $1,225.80 |
| Total Uninsured Claims | $100,000.00 |

**IT IS FURTHER ORDERED** that the claimants' insurers' "step-into-the-shoes" subrogation claims against the Policy are hereby dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall close this case.

>                         */s/ J. Andrew Smyser*
>                         J. Andrew Smyser
>                         Magistrate Judge

Dated:   September 8, 2006.